Nicholson, C. J.,
delivered the opinion of the Court.
On the 23d of September, 1867, Moss obtained a judgment before a Justice of the Peace of Sumner county, against R. J. Wilson, for $18. On the 20th of July, 1871, an execution was issued and placed in the hands of a constable, when Wilson filed his petition and obtained writs of certiorari and supersedeas.
At the October Term, 1871, of the Circuit Court of Sumner county, on motion of Moss, the petition was dismissed, whereupon Wilson appealed to this Court.
The reason assigned by the petitioner for not appealing was, that he was never summoned to attend the trial, and never had any knowledge or information that there was such a judgment against him until the *418 execution issued, and the officer was proceeding to make the money.
He states with emphasis that no warrant was served on him, that he had no notice of the trial, and that he owes the plaintiff in the judgment nothing.
It appears by the return of the constable, which is without date, that the warrant which issued on the 22d of July, 1867, was executed and set for trial before S. E. Shell, J. P., although issued by T. G. Moss, at his office in Gallatin, on the 21st of September, 1867, two months after the issuance of the warrant.
It further appears from an indorsement on the warrant signed by the constable, that the case was continued until Monday, the 23d of September, 1867, on which day the Justice gave judgment against Wilson for $18.
With the papers is an account of B>. J. Wilson, trustee of Donnell & Co. debtor, to Charles Moss, for three weeks’ services rendered in store from 24th of May to June 14th, at $9 per week, making $27, with a credit of $9, balance due, $18. There is also among the papers an affidavit of Robert Donnell made before S. P. Shell, J. P., on the 16th of June, 1868, nine months after the date of the judgment, in which he states that R. J. Wilson, in his presence, employed Charles Moss to attend to the store, and said he would pay him for so doing.
The petitioner brings forward these papers and states that no such judgment exists on the docket of S. E. Shell, J. P., as here described, and that the warrant was issued by T. G. Moss, father of plaintiff.
*419 He further states that he has lived within one and a half miles of Gallatin ever since long before the alleged judgment was obtained; that he has been solvent all the time, but that Moss during the period of more than three years has made no attempt to enforce the judgment, though petitioner has met with him innumerable times. He insists that he owes Moss nothing, that the judgment was obtained without his knowledge, and that he never heard of the judgment until the officer called on him with the execution, more than three years after the judgment purports to have been rendered. Upon a motion to dismiss a petition for certiorari, the facts stated in the petition are taken to be true, except as to matters contradicted by the record.
Taking the allegations of the petition in the present case to be true, it is -obvious that Wilson owes Moss nothing, and that the judgment is unjust. But as the allegation that the petitioner was never served with the warrant is contradicted by the return of the officer, endorsed on the warrant, which is regarded in law as the best evidence of the fact it states, the allegation can not avail against the return. This rule is found in policy and technical law, and has been repeatedly recognized and adopted in this Court. Meigs’ R., 122; 11 Hum., 525.
But the return of an officer that he has executed process is of no higher grade of evidence than the other papers of the case which came before us as parts thereof; and if other parts of the Justice’s record either contradicted the return of the constable or ren *420 der it doubtful whether the return is true, we are not bound to concede to it absolute verity.
In this case there are circumstances apparent on the Justice’s papers which excite strong suspicion as to the truth of the constable’s return.
The warrant issued in July, and the judgment was rendered in September, but the return of the constable does not show when it came to his hands or when it was executed.
It was returnable for trial on the 21st of September, but there was no trial. The Justice endorsed on the warrant, “continued until Monday, 23d of September,” at whose instance does not appear, nor does it appear that the defendant was present or had notice of the continuance. The judgment was rendered on the 23d of September, but the evidence on file in support of the plaintiff’s. account consists of an ex parte affidavit which is dated nearly a year after the judgment was rendered. The judgment appears nowhere except as endorsed on the back of the warrant. No such case, and no such judgment, was entered on the Justice’s docket, and no execution issued for three years after the judgment purports to have been rendered. All of these circumstances of suspicion produce a reasonable doubt as to the truth of the constable’s return, and take from it that force which it would otherwise have. Under such circumstances we think the defendant is entitled to have the merits of his case fairly tried. "We therefore reverse the judgment of the Circuit Court and remand the cause for trial on the merits.